

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

BRUCE F. BICKOFF,

              Plaintiff,

v.

WELLS FARGO BANK, N.A., *et al.*,

              Defendants.

Civil No. 14-CV-1065-BEN (WVG)

ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER TO QUASH THE DEPOSITION SUBPOENAS AS TO JAIME STEWARD AND REMY BICKOFF

[DOC. NO. 27]

## I. BACKGROUND

On August 15, 2014, this Court issued a Scheduling Order, and set the fact discovery cutoff date for March 27, 2015. (Doc. No. 11 at 2.) In the Scheduling Order, the Court instructed the parties that "completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure. Id. The Court also instructed that all disputes concerning discovery shall be brought to the Court's attention no later than 30 days following the date upon which the event giving rise to the discovery dispute occurred. Id. The Court ordered counsel to meet and confer pursuant to the requirements of Fed. R. Civ. P. 26 and Local Rule 26.1(a), if a discovery dispute arose. Id.

1

## II. *EX PARTE* APPLICATION

On March 18, 2015, Plaintiff filed an *Ex Parte* Application for an Order to Quash the Deposition Subpoenas as to Remy Bickoff and Jaime Steward. (Doc. No. 27.) Plaintiff seeks to quash the deposition subpoenas served upon Mr. Remy Bickoff for a March 19, 2015, deposition, and upon Ms. Steward for a March 20, 2015, deposition. Id.__ Ms. Steward's subpoena is accompanied by 28 requests for production of documents. (Doc. No. 27-1 at 8.)

Mr. Remy Bickoff is Plaintiff's son and an attorney who was Plaintiff's counsel of record at the outset of this lawsuit. Although Plaintiff has retained new counsel, according to Plaintiff, Mr. Remy Bickoff also remains Plaintiff's personal counsel, assisting Plaintiff's current counsel of record in legal strategy and overview of documents related to the instant case. (Doc. No. 27-1 at 10.) Ms. Steward, also an attorney, was married to Plaintiff from 2008 to sometime in 2010 or 2011, and was also Plaintiff's legal counsel. Id. at 3. She represented Plaintiff in a separate dispute he had with Defendant over untimely construction draws and permanent financing guarantee. Id.

Plaintiff argues that the two subpoenas for deposition and requests for documents should be quashed because all of the information sought has already been produced through written discovery and other witnesses who have been deposed. (Doc. No. 27-1 at 4.) Further, Plaintiff claims that the deponents would reveal an enormous amount of sensitive litigation strategy and privileged attorney-client communication. Id. Plaintiff asserts that he has not, and does not, waive his attorney-client privilege, nor does he waive his marital privilege rights. Id. at 6.

## III. DISCUSSION

### A. PRIVILEGES

Both Mr. Remy Bickoff and Ms. Steward have represented Plaintiff in litigation related to the instant case, or have represented Plaintiff in the instant case. Plaintiff claims that Mr. Remy Bickoff is still acting as his counsel in the instant case. The attorney-client privilege protects confidential disclosures from a client to his attorney in order to obtain legal

14CV1065

advice.  U.S. v. Ruehle, 583 F.3d 600, 607 (9th Cir.2009).  The attorney-client privilege is strictly construed because it impedes full and free discovery of the truth.  Id.

Further, Ms. Steward was married to Plaintiff during a time when the underlying facts of the litigation were occurring.  Partly based on Federal Rule of Evidence 501, federal courts recognize a marital communications privilege that exists to "protect[]the integrity of marriages and ensur[e] that spouses freely communicate with one another."  United State v. White, 974 F.2d 1135, 1138 (9th Cir. 1992).  The marital communications privilege protects from disclosure private communications between spouses and may be invoked by the non-testifying spouse.  United States v. Griffin, 440 F.3d 1138, 1143-1144 (9th Cir. 2006).

Defendant was undoubtedly aware that Mr. Remy Bickoff was, at least at one time, Plaintiff's counsel in this litigation.  Mr. Remy Bickoff was Plaintiff's counsel of record in this case until September 8, 2014. (Doc. No. 13.) Plaintiff claims in his Ex Parte Application that Defendant was aware that his ex-wife, Ms. Steward, also represented Plaintiff in matters against Defendant.  Plaintiff claims that all communications in 2008 and 2009 from Ms. Steward to Defendant, in which she identified herself as Plaintiff's legal counsel, have been produced to Defendant in written discovery and were discussed in Plaintiff's deposition on April 14, 2014. (Doc. No. 27 1 at 3.) Therefore, Defendant was aware of the likelihood that Plaintiff, Mr. Remy Bickoff, or Ms. Steward would raise attorney-client privileges and/or the marital communications privilege in response to the deposition subpoenas and requests for documents.

## B. TIMELINESS

Under Federal Rule of Civil Procedure 45, a nonparty served with a subpoena may make objections within 14 days after service, or before the time for compliance if it is less than 14 days.  Fed. R. Civ. P. 45(c)(2)(B).     Pursuant to Rule 45, a party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.  Fed.R.Civ.P. 45(d)(1).  The court for the district where compliance is required must enforce this duty and impose an appropriate sanction on a party or attorney who fails to comply.  Id.

Here, the fact discovery deadline is March 27, 2015. (Doc. No. 11 at 2.) Plaintiff claims that Defendant served Ms. Steward with the deposition subpoena on March 10, 2015, to appear for a deposition on March 20, 2015, and that Plaintiff's counsel did not receive a copy of Ms. Steward's deposition subpoena until late on March 16, 2015. The Court finds that the subpoena does not allow Ms. Steward or Plaintiff enough time to file a proper objection or protective order. Although Plaintiff does not appear to allege that Mr. Remy Bickoff's deposition subpoena was untimely served, Defendant was still aware of the potential complications with the service of a deposition subpoena upon Plaintiff's counsel.

## IV. RULING

For the reasons stated above, the Court hereby **GRANTS**, without prejudice to Defendant, Plaintiff's *Ex Parte* Application for an Order to Quash the Deposition Subpoenas as to Remy Bickoff and Jaime Steward.

Due to the urgency of this matter because of the deposition dates, the Court makes this decision without hearing from Defendant. Per this Court's Chambers Rules, after service of an *ex parte* application, opposing counsel will be given until 5:00 p.m. on the next business day to respond. Judge Gallo's Chambers Rule VI. Therefore, should Defendant wish to augment the record with a Response to Plaintiff's *Ex Parte* Application, any Response shall be filed by **March 19, 2015**, at **5:00 p.m.**

IT IS SO ORDERED.

DATED: March 18, 2015

Hon. William V. Gallo
U.S. Magistrate Judge

4

14CV1065