UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE F. BICKOFF,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., *et al.*,<br><br>　　　　　Defendants. | Case No. 3:14-CV-01065-BEN (WVG)<br><br>**ORDER ON *EX PARTE* APPLICATION FOR AN ORDER TO QUASH THE DEPOSITION SUBPOENAS AS TO REMY BICKOFF AND JAIME STEWARD**<br><br>(Doc. No. 27) |

## I. BACKGROUND

On March 18, 2015, Plaintiff filed the *Ex Parte* Application for an Order to Quash the Deposition Subpoenas as to Remy Bickoff and Jaime Steward ("Plaintiff's Application"). (Doc. No. 27.) On March 18, 2015, this Court issued an Order Granting Plaintiff's *Ex Parte* Application without prejudice to Defendant. (Doc. No. 28.) Due to the urgency of the matter, the Court made its decision without hearing from Defendant. (Id. at 4.) On March 19, 2015, Defendant filed the Opposition to Plaintiff's *Ex Parte* Application. (Doc. No. 29.) On March 20, 2015, Plaintiff filed the Reply in support of his *Ex Parte* Application. (Doc. Nos. 30–31.) This Court held a hearing on Plaintiff's Application on March 31, 2015, at 2:00 p.m. ("Hearing"). At its conclusion, this Court issued an oral ruling whose particulars are memorialized in this order.

## II. RULING

Having reviewed the Parties' written and oral arguments, this Court DENIES Plaintiff's Application. The Court believes Defendant's proposed deponents–Mr. Remy Bickoff and Ms. Jaime Steward ("Deponents")–may possess relevant and personal knowledge of facts crucial to this litigation. Due to this reasonable possibility, however minute it may seem to Plaintiff's counsel, the Federal Rules of Civil Procedure ("Rule") subject both to examination by means of a variety of discovery tools, including the "most potent and searching" one: depositions. Alexander Holtzoff, Instruments of Discovery Under Federal Rules of Civil Procedure, 41 MICH. L. REV. 205, 206 (1942); FED. R. CIV. P. 30(a) ("A party may, by oral questions, depose ***any person***, including a party, without leave of court except as provided in Rule 30(a)(2)." (emphasis added)).[1] Admittedly, these depositions were noticed at the eleventh hour. Nonetheless, but for Plaintiff's Application, both depositions would have been (barely) finished prior to the fact discovery deadline of March 27, 2015. However, due to this deadline's expiration, this Court expects the Parties to adhere to a strict and tight schedule in the days ahead. Thus, within one week, the Parties are to meet and confer regarding the scheduling of these depositions. These two persons' depositions must be both conducted and concluded on or before **April 7, 2015**. In addition, this Court reminds Defendant's counsel that it expects him (and any colleagues and successors) to confine his questioning to those few areas of inquiry expressly delimited during the Hearing's course. Failure by either side or its counsel to adhere precisely to the word and spirit of this order may lead to sanctions' swift imposition. In contrast, if the Parties legitimately dispute the applicability of the attorney-client and marital privileges during these depositions, Parties' counsel must jointly and immediately contact this Court. Thereafter, if it deems it necessary, this Court may order further briefing on the extent and the bearing of the three relevant privileges. Finally, although the fact discovery deadline has since passed, in light of both the Parties' amicable accord and the Defendant's conceded

---

[1] As the Rules require, these depositions of non-party witnesses were noticed by subpoenas' use. See, e.g., FED. R. CIV. P. 30(a); Lefkoe v. Jos. A. Bank Clothiers, Inc., 577 F.3d 240, 246 (5th Cir. 2009).

blame, this Court will also allow Plaintiff to conduct the depositions of Mr. Gangelhoff and Ms. Otten, Defendant's witnesses, presently scheduled for April 2015 and to which the Parties have previously agreed.

### III. **FURTHER ADMONITION**

Even so, the Court hastens to issue a simple warning. Deadlines expressly established by a court order are not to be lightly regarded, subject to modification at parties' whims. Instead, they represent definite signposts that no party, even with the other's consent and the best of intentions, may circumvent without first obtaining judicial permission. Otherwise, the purpose that has long animated the Rules–"to secure the just, speedy, and inexpensive determination of every action and proceeding," FED. R. CIV. P. 1–would be endangered, predictability critical for orderly adjudication possibly sacrificed, and needless chaos potentially engendered. For these reasons, although this Court will permit Plaintiff to carry out a final handful of depositions, it does so with the greatest reluctance. But, with this warning now expressly promulgated, the Parties are on notice that no similar forbearance will again be shown.

IT IS SO ORDERED.

DATED: April 1, 2015

Hon. William V. Gallo
U.S. Magistrate Judge