1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

BRUCE F. BICKOFF,

CASE NO. 14CV1065 BEN (WVG)

11

Plaintiff,

**ORDER GRANTING WELLS FARGO'S UNOPPOSED MOTION FOR LEAVE TO FILE A THIRD PARTY COMPLAINT**

12

vs.

13

WELLS FARGO BANK, N.A.,

[Docket No. 17]

14

Defendant.

15
16

Defendant Wells Fargo Bank, N.A. moves to file a third-party complaint against

17

Remy Bickoff. (Docket No. 17.) Plaintiff Bruce Bickoff does not oppose the motion.

18

For the reasons set forth below, the motion is **GRANTED**.

19

### BACKGROUND

20

Remy Bickoff is Plaintiff Bruce Bickoff's son and prior counsel in this action.[1]

21

Plaintiff brought this action asserting numerous claims arising out of the denial of

22

permanent financing following a construction loan and the eventual foreclosure and

23

sale of the property at a trustees sale.[2] Wells Fargo asserts that it recently discovered

24

through the discovery process that Remy Bickoff entered into a profit sharing

25

agreement for the purchase of the property that is the subject of this action while he

26

27

[1]New counsel substituted in as counsel for Plaintiff before this motion was filed.

28

[2]The Court is not making any findings of fact or attempting to describe the entirety of Plaintiff's allegations.

was counsel for Plaintiff.  The property was sold at a trustee sale that Remy Bickoff, as counsel for Plaintiff, had previously sought to enjoin in this action.  The property sold for one cent more than the amount Plaintiff owed Wells Fargo, $3,289,416.83. Wells Fargo and the party Remy Bickoff contracted with for the purchase of the property were the only bidders.  The property was then sold for $4,246,500.  Remy Bickoff's portion of the profit from the sale was approximately $350,000.

### DISCUSSION

Wells Fargo seeks to pursue claims for equitable contribution, fraudulent concealment, and declaratory relief.  Wells Fargo alleges Remy Bickoff failed to disclose his breaches of ethical and fiduciary duties and his intention to bid on the property when he sought information about the trustee's sale.  Wells Fargo asserts it could have prevented the wrongful purchase, effectuated through the void purchase sale agreement, had it known of Remy Bickoff's breaches.  This would have allowed Wells Fargo to purchase the property at the trustee's sale.  Plaintiff seeks to recover the lost equity in the property from Wells Fargo, but Wells Fargo asserts that Remy Bickoff's conduct caused the loss of equity and the profit Plaintiff seeks to recover against Wells Fargo is in his former counsel's pocket.

Federal Rule of Civil Procedure 14 allows for the filing of a "complaint on a nonparty who is or may be liable to it for all or part of the claim against it."  Fed. R. Civ. P. 14(a)(1).  "The purpose of this rule is to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim."  *Sw. Adm'rs, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986).  Wells Fargo has met the derivative liability requirement of Rule 14(a) because the claims of the proposed third-party complaint "attempt[] to transfer [a portion of] the liability asserted against [Wells Fargo] by the original plaintiff to the third party defendant," Remy Bickoff.  *Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (2nd Cir. 2008) (noting this essential criterion).

14cv1065

A third-party plaintiff must obtain leave of court to file a third-party complaint unless it is filed within 14 days of the filing of the original answer. Fed. R. Civ. P. 14(a)(1). District courts have recognized a number of factors that may be relevant in determining whether to allow the filing of a third-party complaint, including: "(1) prejudice to the original plaintiff; (2) complication of issues at trial; (3) likelihood of trial delay; and (4) timeliness of the motion to implead." *Irwin v. Mascot*, 94 F. Supp. 2d 1052, 1056 (citing *Somportex Ltd. v. Phila. Chewing Gum Corp.*, 453 F.2d 435, 439 n.6 (3rd Cir. 1971), *cert. denied*, 405 U.S. 1017 (1972)).

Plaintiff has had an opportunity to oppose this motion and has not raised any issues with regard to prejudice from the filing of the third-party complaint, nor is the Court aware of any prejudice Plaintiff would suffer. It also does not appear there is any likelihood of delay in the trial of this action. This motion comes long after the action was initially filed, however, as Wells Fargo explains, it only became aware of Remy Bickoff's conduct through discovery and the only delay in bringing this motion after the discovery was to pursue a stipulation from Plaintiff. Given the Court encourages parties to attempt to resolve issues when possible, Wells Fargo will not be penalized for that effort. These factors all weigh in favor of allowing the filing of the third-party complaint.

## CONCLUSION

Wells Fargo's motion is **GRANTED**. Wells Fargo may filed its third-party complaint within five days after the filing of this order.

**IT IS SO ORDERED.**

DATED: April 10, 2015

Hon. Roger T. Benitez
United States District Judge

14cv1065