UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE F. BICKOFF,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK N.A.,<br><br>Defendant. | Case No.: 14CV1065 BEN (WVG)<br><br>**ORDER GRANTING THIRD PARTY DEFENDANT'S MOTION TO DISMISS THIRD PARTY COMPLAINT**<br><br>[Docket No. 42] |

Third-party Defendant Remy Bickoff moves to dismiss Defendant Wells Fargo Bank N.A.'s Third-Party Complaint ("3PC") under Federal Rules of Civil Procedure 12(b)(1) and (6). (Docket No. 42.) Wells Fargo has filed an Opposition and Remy[1] has filed a Reply. (Docket Nos. 43, 46.) Because Wells Fargo has failed to sufficiently allege standing, the Motion to Dismiss is granted and the 3PC is dismissed without prejudice and with leave to amend.

///

---

[1] The Court refers to Third Party Defendant Remy Bickoff as Remy to avoid any confusion with his former client, Plaintiff Bruce Bickoff.

# BACKGROUND[2]

Plaintiff's Fourth Amended Complaint ("FAC") asserts numerous claims against Wells Fargo based on allegations that Wells Fargo guaranteed Plaintiff unconditional automatic permanent financing following a $3,000,000 construction loan, did not provide permanent financing, and eventually proceeded with foreclosing on the Property. Plaintiff's FAC seeks to recover damages for the equity in the property he allegedly lost as a result of the sale of the property at a trustee's sale for less than fair market value. Wells Fargo's 3PC alleges that Plaintiff did not repay the construction loan by an extended deadline for repayment and that the Property was ultimately sold at a trustee's sale for only one cent more than what Plaintiff owed Wells Fargo on the construction loan, well below fair market value.

Wells Fargo's 3PC asserts claims against Remy, Plaintiff's counsel in the action until recently. Wells Fargo alleges that during discovery in this case Wells Fargo learned that Remy bought the Property that is the subject of this litigation at the trustee's sale through an agreement with another individual. The 3PC alleges that Remy approached Jay Schuminsky with the opportunity to purchase the Property "at a significant discount." (3PC, Ex. 1, Rancho Santa Fe Profit Sharing Agreement ("the Agreement") 1.) This was immediately after this Court denied a request for a preliminary injunction, sought by Remy on behalf of Plaintiff, to stop the trustee's sale. Remy and Schuminsky entered into the Agreement under which Schuminsky would bid on the Property at the trustee's sale with a minimum bid of $3,317,000. They also agreed that the minimum resale price would be $4,500,000, the minimum lease price would be $10,000 per month and the two would share the profits from leasing and selling it. Wells Fargo asserts in Opposition to the Motion that Remy depressed the purchase price by filing a lis pendens on the

---

[2] The following background is drawn from the allegations of Plaintiff's FAC and Wells Fargo's 3PC. It does not constitute findings of fact. The Court also notes that Plaintiff and Wells Fargo have cross motions for summary judgment on file that the Court will rule on separately.

Property and failing to have another withdrawn.[3]

The Property sold for $3,289,416.83, one cent more than the amount Plaintiff owed Wells Fargo on the defaulted construction loan. Schuminsky was the winning bidder. Remy obtained at least $200,000 in profit from the deal.

Wells Fargo alleges that it had no knowledge of the Agreement until discovery in this case and that, based on Plaintiff's deposition testimony, Plaintiff also did not have any knowledge of the Agreement, although he met Schuminsky at Remy's wedding. Wells Fargo additionally alleges that had it known about the Agreement, it would have sought judicial intervention to stop the sale to Remy given the violations of rules of professional conduct and public policy in the transaction.

## DISCUSSION

Wells Fargo asserts claims for equitable indemnity, declaratory relief, and fraudulent concealment. Remy challenges Wells Fargo's standing and moves to dismiss all three claims for failing to state a claim. As discussed more fully below, Wells Fargo has failed to sufficiently allege standing.

### I. Standing

A plaintiff bringing an action in the federal court has the burden to show that Article III standing exists. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Snake River Farmers' Ass'n, Inc. v. Dep't of Labor*, 9 F.3d 792, 795 (9th Cir. 1993). Plaintiff must show (1) an injury in fact; (2) traceable to the challenged action of the defendant; and (3) likely to be redressed by a favorable decision. *Lujan*, 504 U.S. at 560. "A plaintiff must establish standing with the 'manner and degree of evidence required at the successive stages of the litigation.'" *Carrico*, 656 F.3d at 1006 (quoting *Lujan*, 504 U.S. at 561). At the pleading stage, courts must look to the allegations of the complaint

---

[3] These allegations are not in the 3PC, however, the Court only considers them in evaluating standing. *Carrico v. City & Cnty. of S.F.*, 656 F.3d 1002, 1006 (9th Cir. 2011).

and accept them as true. *Id.* Additionally, when considering constitutional standing, courts may "allow or . . . require the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing." *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011).

Remy argues that Wells Fargo has failed to allege an injury-in-fact that is traceable to Remy — the first and second requirements. Wells Fargo does not specifically address standing.[4]

Remy's challenge to the injury-in-fact element relies primarily on characterizing Plaintiff's claims against Wells Fargo as limited to the denial of permanent financing and foreclosure; two actions Remy did not take.[5] However, Plaintiff seeks to recover the equity he allegedly lost in the Property when it sold for less than fair market value at the trustee's sale.[6] Wells Fargo alleges that Plaintiff is seeking to recover that loss only from Wells Fargo when Remy is also responsible. In short, Wells Fargo's alleged injury is the liability it faces alone when Remy is also liable for it. At this stage, when evaluating standing, "general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presume that general allegations embrace those specific facts that are necessary to support the claim.'" *Id.* at 1068 (quoting *Lujan*,

---

[4] Wells Fargo's analysis of the equitable indemnity claim notes Remy's standing argument — that the 3PC fails to allege an injury-in-fact traceable to Remy's conduct. However, it is only noted and not analyzed in terms of standing. "[T]he threshold question of whether plaintiff has standing (and the court has jurisdiction) is distinct from the merits of [a] claim. Rather, the jurisdictional question of standing precedes, and does not require, analysis of the merits." *Maya*, 658 F.3d at 1069. The Court has considered and addresses the standing question despite the lack of analysis in Opposition because there is some overlap in the analysis and granting Remy's Motion as to standing based solely on the lack of opposition would only delay the resolution of this case.

[5] Remy additionally asserts that Wells Fargo is trying to recover for Remy's conduct against Plaintiff and suggests Wells Fargo is improperly attempting to assert the rights of a third party. This is not accurate. The allegations that Remy breached fiduciary duties to Plaintiff are necessary for Wells Fargo's equitable indemnity claim.

[6] In conducting this analysis, the Court is not indicating that Plaintiff has produced evidence or established he is entitled to damages for lost equity. That issue will likely be addressed in ruling on the parties' cross motions for summary judgment.

504 U.S. at 561).  Wells Fargo has sufficiently alleged an injury-in-fact, particularly given the stage of the proceedings.

Remy also argues that Wells Fargo's alleged injury is not traceable to Remy's conduct.  For Wells Fargo's injury to be traceable to Remy's conduct, Wells Fargo needs to plead that Remy's conduct contributed to the Property selling at a lower price.  "To survive a motion to dismiss for lack of constitutional standing, plaintiffs must establish a 'line of causation' between defendants' action and their alleged harm that is more than 'attenuated.'"  *Id.* at 1070 (quoting *Allen v. Wright*, 468 U.S. 737, 757 (1984)).  "A causal chain does not fail simply because it has several 'links,' provided those links are 'not hypothetical or tenuous' and remain 'plausible.'"  *Id.* (quoting *Nat'l Audubon Soc., Inc. v. Davis*, 307 F.3d 835, 849 (9th Cir. 2002)).

The problem here is that the only conduct alleged, finding and contracting with a buyer to purchase the Property at a significant discount and resell it to earn a profit, may or may not have resulted in the Property being sold at a low price.  It is simply too speculative as plead.  Evidence Wells Fargo submits in Opposition, the two *lis pendens* recorded against the Property, come closer to a plausible claim that Remy's conduct caused the low sale price.  Drawing inferences in Wells Fargo's favor, Remy might have filed a *lis pendens* or failed to have one withdrawn to scare off other bidders and allow Remy to obtain the property at a lower price.  But, even with the Court considering those facts, not alleged in the 3PC, there are no allegations that either *lis pendens* was improper.

Wells Fargo has failed to sufficiently allege its injury is traceable to Remy.  Accordingly, the Motion to Dismiss is GRANTED as to Wells Fargo's standing and DISMISSED without prejudice for lack of subject matter jurisdiction.

///

///

///

5

Wells Fargo has requested leave to amend and the Court cannot find that amendment would be futile. Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). Wells Fargo may amend the 3PC to attempt to sufficiently allege standing.

## CONCLUSION

The Motion to Dismiss is **GRANTED** under Rule 12(b)(1). The 3PC is **DISMISSED** without prejudice for lack of subject matter jurisdiction and with leave to amend. Wells Fargo may file an amended third-party complaint on or before **March 19, 2016.**

**IT IS SO ORDERED.**

Dated:  February 19, 2016

Hon. Roger T. Benitez
United States District Judge